**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0036n.06

No. 10-5463

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

***Jan 10, 2012***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| DARREN LITTLE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, GIBBONS, and McKEAGUE, Circuit Judges.

**PER CURIAM**. Darren Little, a federal prisoner, appeals the sentence imposed following his 2009 guilty plea to conspiring to distribute five kilograms or more of cocaine.

The offense of conviction had a mandatory minimum sentence of 120 months and a maximum of life imprisonment. The presentence report calculated the guidelines sentencing range at 151 to 188 months. The district court found that Little was entitled to a 67-month downward departure for a state prison sentence he served based on relevant conduct, pursuant to USSG § 5K2.23. This effectively lowered the guidelines range to 120 to 121 months. However, the district court determined that an upward variance to 240 months was appropriate. After giving Little credit for the 67 months spent in state custody, the district court judge sentenced Little to 173 months of imprisonment. On appeal, Little argues that the sentence was substantively unreasonable in that it gave unreasonable weight to his criminal history.

We review a sentence for reasonableness under an abuse-of-discretion standard. *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007). Review of the sentencing transcripts reveals that the district court considered the relevant sentencing factors in arriving at the sentence in this case. It noted that Little had been sentenced to ten years of imprisonment in a state court proceeding for distributing cocaine, had been paroled four times and had been reincarcerated because he continued to distribute cocaine. Therefore, the court concluded that a sentence greater than ten years was required to deter Little's drug trafficking. It also noted that Little's criminal history, in addition to his drug convictions, included domestic violence and driving under the influence. Therefore, there was a need to protect the public from Little's drug trafficking, domestic violence, and impaired driving. The district court also considered the serious nature of the offense, Little's need for treatment and other programs available during his incarceration, and the need to teach Little respect for the law.

We give considerable deference to sentencing decisions due to trial judges' experience in sentencing. *United States v. Poynter*, 495 F.3d 349, 351-52 (6th Cir. 2007). We do not determine whether the district court could have given a lower sentence, but whether it must have done so. *See United States v. Smith*, 516 F.3d 473, 478 (6th Cir. 2008). Here, Little has demonstrated no abuse of discretion by the sentencing judge. Accordingly, Little's sentence of 173 months imprisonment is affirmed.